Leonard A. GAMAGE, Plaintiff,

v.

Eugene M. ZUCKERT, Secretary of the Air Force, Defendant.

Civ. A. No. 1124-64.

United States District Court

District of Columbia.

Sept. 30, 1966.

Alfred L. Scanlan, Washington, D. C., and John G. Sobieski, Los Angeles, Cal., for plaintiff.

Joseph M. Hannon, Asst. U. S. Atty. for the District of Columbia, for defendant.

### OPINION

HOLTZOFF, District Judge.

This action was brought to set aside the decision of the Secretary of the Air Force approving a recommendation of an Air Force Elimination Board, which directed the retirement of the plaintiff, who was a Lieutenant Colonel of the Air Force. The proceeding was brought pursuant to the provisions of 10 U.S.C. §§ 8791–8797. The matter is before the Court on cross-motions for summary judgment. The question presented is whether the plaintiff received a "fair and impartial hearing" before the Board, specifically, whether the Board erred in admitting in evidence ex parte written statements of witnesses whom there was no opportunity to cross-examine.

There is no doubt as to the constitutionality of the statute under which the proceeding was conducted. The only question is whether the statutory requirements were complied with and this in turn depends on the definition of what constitutes "[a] fair and impartial hearing before a board of inquiry", as provided in 10 U.S.C. § 8782, subsection (b). The Court has no doubt that the hearing in this instance was impartial.

 It is argued, however, on behalf of the plaintiff that the words "fair hearing" would bar the use and the introduc-

tion in evidence of ex parte written statements of accusing witnesses, who were not produced to testify orally either at the hearing or by deposition and, therefore, there was no opportunity to cross-examine them. It must be said at the outset that a fair hearing does not mean that all the common-law rules of evidence must be observed. The requirement means, as the Court sees it, that the fundamentals must be complied with. The Court is of the opinion that in the traditions of Anglo-American jurisprudence to find a person guilty of a serious dereliction of any kind where part of the testimony against him consists of ex parte written statements does not constitute a fair hearing, as we use that term. The fact that there was other evidence in the case which was sufficient to sustain the charges does not change the result. There was evidence both ways. We do not know but that the ex parte statements in question might have affected the result.

The Court appreciates that there are practical difficulties in producing witnesses at these proceedings because there is no provision for compulsory process, although one might well believe that if Congress were requested to give such authority it would be forthcoming. It seems to the Court that since there was other evidence supporting the charges procured from witnesses who were produced at the hearing, the ex parte statements should have been excluded.

This is not a case of a minor infraction tried in an intramural proceeding such as Captain's Mast in the Navy or disciplinary punishment by a company commander. It involves a very serious charge, namely falsification of records.

The Court is of the opinion that it was an error that went to the very roots of a fair hearing to introduce ex parte statements of witnesses as part of the evidence against the plaintiff.

The Court was very much impressed by the able argument of counsel for the Government, but it is unable to agree with it. Whatever result this Court reaches in this action does not prevent the Air Force from bringing another proceeding and conducting it in accordance with this Court's interpretation of the statute.

In view of these considerations, the plaintiff's motion for summary judgment is granted and defendant's motion is denied.